NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA KOSTRZEWA, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| | Civil Action No. 2:12-cv-04244 (DMC) (JAD) |
| v. | |
| WELLS FARGO HOME MORTGAGE, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon motion by Defendant Wells Fargo Home Mortgage ("Defendant") to dismiss Plaintiff Barbara Kostrzewa's ("Plaintiff") Complaint, pursuant to FED. R. CIV. P. 12(b)(6). (Compl., Jul. 5, 2012, ECF No. 9). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendant's Motion to Dismiss is **granted.**

I.  **BACKGROUND**[1]

Plaintiff commenced this action through the filing of a Complaint against Defendant on July 5, 2012. On December 14, 2007, Plaintiff purchased her home in Whiting, New Jersey for

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

1

$150,000.00, comprised of a down payment of $75,000.00 and a mortgage for the balance of $75,000.00 from Defendant. (Compl. at ¶ 3). On or about June 18, 2012, Plaintiff submits that she fell behind on her monthly mortgage payment of approximately $477.00. (Compl. at ¶ 2). Plaintiff claims that her county subsequently provided her financial assistance in the amount of $477.00, as payment toward her mortgage, and that the payment was refused by Defendant. (Id. at ¶ 5). Stemming from the refusal, Plaintiff asserts claims for: (1) various statutory and common law theories of liability; (2) intentional infliction of emotional distress; (3) conspiracy; (4) malicious prosecution; (5) breach of contract; (6) violation of the Consumer Fraud Act; (7) negligence; and (8) predatory lending.

Defendant now moves to dismiss all counts of Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6), alleging that the Complaint fails to state a viable claim against Defendant in each of the eight asserted counts. (Def.'s Mot. to Dismiss ("Def.'s Mot. Br,") 8, Sept. 18, 2012, ECF No. 9). Defendant alleges that the check was returned in its full amount because Plaintiff's loan was in foreclosure status. (Def.'s Mot. Br. 8). On September 18, 2012, Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss. (Pl. Opp. Br., ECF No. 10). Defendant filed a Reply Brief on September 24, 2012. (Def.'s Reply, ECF No. 11). The matter is now before this Court.

## II.   LEGAL STANDARD

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, Civ. No. 07-03129, 2009 WL 3806296, at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). The complaint must show an entitlement to relief with its facts. Steedley v. McBride, 446 Fed.Appx. 424, 425 (3d Cir. 2011) (citing Fowler v. UPMC Shadyside, 578 F.3d 203, 2011 (3d Cir. 2009)).

III.   DISCUSSION

Plaintiff asserts claims for (1) various statutory and common law theories of liability; (2) intentional infliction of emotional distress; (3) conspiracy; (4) malicious prosecution; (5) breach of contract; (6) violation of the Consumer Fraud Act ("CFA"); (7) negligence; and (8) predatory lending.  In affirming that the Twombly standards apply to all motions to dismiss, the Supreme Court described the Rule 12(b)(6) inquiry as a two-step process.  Iqbal 556 U.S. at 678.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.; Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 678-679.  For the reasons discussed below, all claims are dismissed as Plaintiff has failed to state a claim upon which relief can be granted.

1. **Count One: Various Claims**

Under Count One, Plaintiff includes a multitude of legal conclusions that lack factual allegations to support her various claims. (Compl. at ¶¶ 2-9).  Plaintiff alleges that Defendant engaged in continuing breaches of contractual obligation and manipulation, employed and embedded hidden fees, and engaged in predatory lending and mortgage fraud. (Compl. at ¶¶ 8a-8f).  Plaintiff sets forth that she is being threatened with foreclosure and is being "asked by the bank to lose her life savin[g]s." (Compl. at ¶ 6). Plaintiff further alleges that "the contractual interest rate and monthly payment are supposed to be fixed and they were and are not through the course of conduct and pattern of behavior and contractual breaches of the Defendant." (Compl. at ¶ 7).

Federal Rule of Civil Procedure 8(d)(1) requires that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).  In addition, Rule 10(b) requires that "each claim founded on a separate transaction of occurrence . . . must be stated in a separate count," so as to

4

promote clarity. FED. CIV. R. P. 10(b).

Count One of Plaintiff's Complaint contains a confusing series of what appears to be multiple claims. For each of the claims that the Court can decipher, which include that of unjust enrichment, fraud, and violation of the Truth and Lending Act, Plaintiff has failed to plead sufficient factual allegations as to allow this Court to draw a reasonable inference that the Defendant is liable for the misconduct alleged. See Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570). Accordingly, Count One is dismissed.

**2. Count Two: Intentional Infliction of Emotional Distress**

Plaintiff's claim for intentional infliction of emotional distress is contained in Count Two. (Compl. at ¶¶ 10-16). In regards to Count Two, Plaintiff has failed to meet the standard set forth in Buckley. Buckley v. Trenton Savings Fund Society, 111 N.J. 355, 366 (1988). To prevail under Buckley, Plaintiff must allege "extreme and outrageous conduct," the proximate cause of which is distress so severe that it interferes with normal life activities. See id. at 366-69.

Plaintiff alleges that Defendant "proximately caused Plaintiff's emotional distress so severe that no reasonable person could be expected to endure it." (Compl. at ¶ 14). The Plaintiff argues, "what could be more distressing than to have your mortgage money rejected on the only home you live in and cause this woman to cry and be hysterical." (Pl.'s Opp. Br. 6). However, Plaintiff does allege specific facts to show that Defendant engaged in any sort of conduct that could be considered extreme and outrageous. Thus, Plaintiff's allegations amount to no more than a formulaic recitation of a portion of the elements of intentional infliction of emotional distress. Accordingly, Count Two is dismissed.

**3. Count Three: Conspiracy**

5

Plaintiff's third claim, alleging the existence of a conspiracy, similarly fails. (See Compl. ¶¶ 17-22). Plaintiff begins to refer to "defendants" in the plural form, despite the fact that only Wells Fargo is named as a defendant and Plaintiff fails to identify who the other purported defendants she refers to may be. To state a claim for civil conspiracy, plaintiff must first allege that defendant conspired with "a combination of two or more persons." Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 414 (3d Cir. 2003). Plaintiff has not pleaded facts to support the allegation that Defendant conspired with other persons or who these others may be. Plaintiff's allegations contained in Count Three amount to no more than legal conclusions and Count Three is dismissed.

### 4. Count Four: Malicious Prosecution

Plaintiff next alleges malicious prosecution in Count Four of the Complaint. (Compl. at ¶¶ 23-28). "Malicious prosecution provides a remedy for harm caused by the institution or continuation of a criminal action that is baseless." LoBiondo v. Schwartz, 199 N.J. 62, 89 (2009) (citing Earl v. Winne, 14 N.J. 119 (1953)). Plaintiff's malicious prosecution claim must fail due to Plaintiff's failure to plead any facts to demonstrate that Defendant engaged in a criminal action. LoBiondo, 199 N.J. at 90.

Plaintiff agrees that this is not a criminal case, and argues that "the facts are congruent enough to demonstrate that malicious prosecution is a viable cause of action." (Pl.'s Opp. Br. 7). However, in order to prevail, Plaintiff must chiefly allege that "a criminal action was instituted by Defendant against Plaintiff." Lobiondo, 199 N.J. at 90. Plaintiff has failed to do so, and accordingly Count Four of the Complaint is dismissed.

### 5. Count Five: Breach of Contract

Under Count Five, Plaintiff claims a breach of contract. (Compl. at ¶¶ 29-34). To state a claim of breach of contract, plaintiffs must allege: (1) the existence of a contract; (2) a breach of that contract; (3) damages flowing from that breach; and (4) that the plaintiff performed their own contractual duties. See Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 210 F. Supp. 2d 552, 561 (D.N.J. 2002); Pub. Serv. Enter. Group, Inc. v. Phila. Elec. Co., 722 F.Supp. 184, 219 (D.N.J.1989) (citing 5 Wright & Miller, Federal Practice & Procedure, § 1235 at 189–90)).

Plaintiffs allege only that that "Defendants have breached the contract with Plaintiffs if a contract at all existed . . . ." (Pl.'s Opp. Br. 7). Plaintiff has not identified any specific contract in connection with her claims and the only contract in existence between the parties is the Note and Mortgage. Plaintiff cannot assert that she has met her own contractual obligations thereunder, as she admits that she fell behind on her Mortgage. (Compl. at ¶ 3). Further, Plaintiff has not pled a breach of any specific provision of the Note or the Mortgage on the part of Defendant, or damages from any alleged breach. Plaintiff failed to sufficiently plead the elements required to state a claim for breach of contract and, accordingly, Count Five is dismissed.

### 6. Count Six: Violation of CFA

Plaintiff next alleges violation of the New Jersey Consumer Fraud Act ("CFA"). (Compl. at ¶¶ 35-43). In order to state a valid claim for violation of the CFA, Plaintiff must allege: (1) unlawful conduct by Defendant; (2) that Plaintiff suffered an ascertainable loss; and (3) a causal relationship between Defendant's unlawful conduct and Plaintiff's ascertainable loss. Gonzalez v. Wilshire Credit Corp., 207 N.J. 557, 576 (2011) (citing Lee v. Carter Reed Co., 203 N.J. 296, 521 (2010)).

Lastly, like all claims of fraud, claims under the CFA are subject to a heightened pleading standard pursuant to FED. R. CIV. P 9(b). See F.D.I.C. v. Bathgate, 27 F.3d 850, 876-77 (3d Cir.

1994); Dewey v. Volkswagon, 558 F.Supp.2d 505, 524 (D.N.J. 2008) ("[New Jersey Consumer Fraud Act] claims 'sounding in fraud' are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)."). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). A plaintiff must state the circumstances of the alleged fraud "with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Lum v. Bank of America, 361 F.3d 217, 223–224 (3d Cir.2004)). To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id.

Here, Plaintiff does not allege specific facts identifying any unlawful conduct on behalf of Defendant. Moreover, Plaintiff does not allege any ascertainable loss. Likewise, Plaintiff does not state a causal relationship between an unlawful conduct on behalf of the Defendant and an ascertainable loss. However, Plaintiff argues a viable CFA claim exists because "nothing could be more offensive and fraudulent than to have someone make an exact payment for his or her mortgage and to have that mortgage payment rejected." (Pl.'s Opp. Br. 8). Plaintiff's claims contain only conclusory allegations that Defendant engaged in consumer fraud, but provide no specific factual allegations to support the required elements of the claim. Plaintiff instead relies on the doctrine of *res ipsa loquitor* as a substitute for the lacking factual allegations. (See Compl. at ¶ 42). Accordingly, Count Six is dismissed.

### 7. Count Seven: Negligence

Count Seven asserts a claim of negligence against Defendant. (Compl. at ¶¶ 44-50). A negligence claim is premised upon a breach of duty and a departure from the standard of care

8

owed to another. See Kernan v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 445 (1998). To state a claim for negligence, Plaintiff must allege: (1) Defendant owed a duty to the Plaintiff; (2) Defendant breached its duty; (3) Plaintiff suffered harm as a result of the breach; and (4) a causal relationship between the breach and the harm. See Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 316 (2002). It is well-settled under New Jersey law that a lender owes no legal duty to a borrower. See United Bank v. Kenny, 306 N.J. Super. 540, 552 (App. Div. 1997).

Plaintiff has not alleged, and New Jersey law does not support, the existence of a duty owed to her by Defendant, nor that the duty was breached, or Plaintiff was damaged by the breach. Therefore, Count Seven is dismissed.

### 8. Count Eight: Predatory Lending

Lastly, Plaintiff alleges that Defendant engaged in predatory lending. (Compl. at ¶ 52). New Jersey does not recognize a cause of action for improvident lending. In re Fedders N. Am., Inc., 405 B.R. 527, 551 (Bankr. D. Del. 2009). "Bank loan officers are not detectives or social workers, and have no obligation to investigate an apparently regular transaction for latent defects or equities." Howard v. Diolosa, 241 N.J. Super. 222, 234 (App. Div. 1990).

As predatory lending is not a cognizable cause of action, Count Eight of Plaintiff's Complaint is dismissed.

### IV. CONCLUSION

The claims contained in each of the eight counts of Plaintiff's Complaint are not accompanied by factual allegations sufficient to raise Plaintiff's claims to a level of plausibility required to survive a 12(b)(6) motion to dismiss. Plaintiff's assertions amount to no more than "labels and conclusions", "a formulaic recitation of the elements of a cause of action", and thus,

9

"will not do." <u>Twombly</u>, 550 U.S. at 555. Accordingly, Defendant's Motion to Dismiss is **granted**.

Date: March 18, 2013
cc: All Counsel of Record
    Hon. J. A. Dickson, U.S.M.J.
    File

_____
DENNIS M. CAVANAUGH, U.S.D.J.